IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AKHENATON JONES, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3851 |
| | : | |
| CORRECTIONAL OFFICER | : | |
| THOMPSON, *et al.*, | : | |
| *Defendants.* | : | |

# ORDER

AND NOW, this 8th day of August, 2024, upon consideration of the Motion to Dismiss filed by Defendants Blanche Carney and the City of Philadelphia (ECF No. 13) and the Response by Plaintiff Akhenaton Jones (ECF No. 18), and the inability of the U.S. Marshal Service to effectuate service of the Complaint (ECF No. 2) on Defendants C.O. Jackson, C.O. Thompson, Lt. Gregory, and the John Doe Defendants, it is **ORDERED** that:

1. The Clerk of Court shall **UPDATE** Jones's address to: Riverside Correctional Facility, 8151 State Rd., Philadelphia, PA 19136.

2. The Motion to Dismiss is **GRANTED** as to Jones's claims for municipal liability, which are **DISMISSED WITHOUT PREJUDICE** as discussed in the accompanying Memorandum.

3. Jones's claims against Warden Doe and Nurse Does 2, 3, and 4 are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as discussed in the accompanying Memorandum.

4. The Motion to Dismiss is **DENIED** in all other respects.

5. Within thirty (30) days of the date of this Order, the City of Philadelphia is directed to provide Jones with documents related to the dates of the incidents alleged in the Complaint—August 29, 2021, and November 11, 2021—sufficient to assist with identification of Defendants Thompson, Jackson, Gregory, Lt. Doe and the Sgt. Does.  Such documentation may include, but is not limited to, time sheets, work assignments or schedules, log books, incident reports, and records of medical treatment for the dates of August 29, 2021 and November 11, 2021 on the units where Jones was housed at PICC, G-2 block and D-1 block, respectively.

6. Within sixty (60) days of the date of this Order, Jones may file an amended complaint.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Jones's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  The amended complaint may not rely solely on exhibits to state a claim.  When drafting his amended complaint, Jones should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  If Jones is able to identify the Defendants from the discovery provided by the City, he should name them as Defendants in the amended complaint if he still seeks to sue them.  He may continue to use "John Doe" to identify any unknown defendants.  Upon the filing of an

amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send a copy of the Complaint (ECF No. 2) to Jones for his review, along with a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Jones may use this form to file his amended complaint.

8. If Jones fails to file any response to this Order, the Court will conclude that Jones intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber v. McGrogan*, 939 F.3d 232, 239-40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber v. McGrogan*, 939 F.3d 232, 241 & n.11 (3d Cir. 2019) (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons his case or otherwise makes adjudication of the matter impossible." (citing cases)).